# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case Nos.: 1:17CR29 |
| | ) 1:17CR36 |
| DWIGHT L. BAILEY | ) |

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

Comes now the United States, and respectfully requests that the Court deny the defendant's Motion to Dismiss Indictment Due to the Presentation of False and Misleading Testimony to the Grand Jury. The United States did not present false or misleading information to the grand jury, and its independent functions to evaluate facts before it and to determine probable cause were not undermined.

Erin Thompson ("Thompson") is a Senior Investigator who works for the Virginia Attorney General's Office Medicaid Fraud Control Unit. Thompson testified before the grand jury on November 28, 2017. A transcript of her testimony has been filed by the defendant under seal. At the time that Thompson testified, the government's expert, Dr. Anthony Dragovich, had rendered opinions regarding prescriptions written by the defendant and others in his practice whom he supervised. Dr. Dragovich recorded his opinions in a chart or spread sheet. A chart was completed for each patient in whose name prescriptions were issued by the defendant or others in his practice which form the basis for the individual counts of distribution in the indictment. The charts for each patient contain more detail than the formal opinion letter. Dr. Dragovivch did not write his formal opinion letter until January 26, 2018. A copy of one of the

1

charts detailing his findings about prescriptions written for patient JP, upon which Thompson based her testimony, has also been filed under seal by the defendant, along with the formal opinion letter. The charts with more detailed findings and the opinion letter were provided in the government's discovery production on February 1, 2018.

In the chart pertaining to patient JP, Dr. Dragovich noted that in June 2012: "it is unclear what is occurring here. She was admitted on 6/5/2012 to SW Virginia Mental Health Institute and discharged on 6/15/2012 due to an overdose, she was treated in [sic] medically in an ICU prior to transfer for the overdose. If Dr. Bailey's medical team knew of this admission, all further prescriptions would be without a medical purpose." (Bates # EXPERT_AD_000125 in defendant's sealed exhibit B). Furthermore, Dr. Dragovich also noted in the chart detailing JP's prescriptions that "She was charged with a DUI 7/2013. If this was known by the medical team, all prescriptions after that point would be without a medical purpose." (Bates # EXPERT_AD_000122 in defendant's sealed exhibit B). Since the United States has documentary and testimonial evidence indicating that Dr. Bailey's medical team knew of the hospital admission due to overdose in June 2012, and the DUI arrest in July 2013, and since Thompson had knowledge of this evidence, the statements she made to the grand jury about the expert's opinion regarding controlled substances issued after 6/05/2012 were entirely truthful.

A careful reading of Dr. Dragovich's formal opinion letter also proves that Thompson was truthful when summarizing his opinions about JP's prescriptions in her testimony before the grand jury. On page 4, he describes JP's overdose and subsequent hospitalization which occurred in June 2012, and states: "Her clinic visit, on 7/12/2012, does not mention this hospitalization. It is possible that no one at the clinic new [sic] of this visit but if they did continuing this current treatment regimen would not be appropriate." (Bates #

2

EXPERT_AD_000222 in defendant's sealed exhibit C).

On the same page, he refers to her DUI arrest in early July 2013, as well as an office visit and drug screen on 6/27/2013: "The urine drug screen from 6/27/2013 was abnormal, unprescribed hydrocodone was present in very high concentrations with metabolites. At her next visit 7/24/2013, no changes were made but she was counseled not to take un-prescribed hydrocodone. With her history and the fact that she is obtaining very high quantities of hydrocodone from non-medical sources her risk level is extraordinarily high. To that point she was arrested for a DUI in early July 2013. If the medical team knew of this arrest, continuing to prescribe her regimen of controlled substances would not be appropriate." (Bates # EXPERT_AD_000222 in defendant's sealed exhibit C).

So although Dr. Dragovich did state in his opinion letter that up until 4/11/2014, that JP's care was within medical practice, that statement was qualified in previous paragraphs by what knowledge the defendant's medical team had about JP's overdose and hospital admission in June 2012, and her DUI arrest in July 2013.

Finally, even though Thompson was not asked specifically whether or not the schedule IV prescriptions that make up counts 37-60 were prescribed without a legitimate medical purpose and beyond the bounds of medical practice, she was asked whether she had reviewed the indictment, and if everything in the indictment was true and correct to the best of her knowledge, to which she responded, "It is." (Thompson grand jury transcript, p. 23, lines 18-24, defendant's sealed exhibit A). Based on the information that was contained in the indictment, and all of the other prior evidence presented to the grand jury, it is entirely reasonable and logical that the grand jurors could have found probable cause that those particular prescriptions were prescribed without a legitimate medical purpose and beyond the bounds of medical practice. The fact that a

3

question may have been inadvertently omitted by the prosecutor does not mean that Thompson was untruthful, nor does it mean that the grand jury could not have found probable cause that the prescriptions were illegal.

      For all of the foregoing reasons, it is patently obvious that Senior Investigator Thompson did not mislead the grand jury, and that she accurately summarized the expert's findings. Therefore, the United State respectfully requests that the Court deny the defendant's Motion to Dismiss the Indictment.

Dated this 20th day of June, 2018.

                Respectfully submitted,

                Thomas T. Cullen
                United States Attorney

                /s/Janine M. Myatt
                Special Assistant United States Attorney
                Bar No. 37386
                180 West Main Street
                Abingdon, Virginia 24210
                276-628-4161
                276-628-7399 (fax)
                USAVAW.ECFAbingdon@usa.doj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Dennis Jones, Esq., counsel for defendant.

/s/ Janine M. Myatt
Special Assistant United States Attorney