# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:17CR00036 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DWIGHT L. BAILEY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, and Janine M. Myatt, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Dennis E. Jones, Abingdon, Virginia, for Defendant.*

The defendant, Dwight L. Bailey, has filed a Motion to Dismiss Indictment Due to the Presentation of False Testimony to the Grand Jury. Upon review of the record and after hearing argument by the parties, I will deny the motion.

The Indictment in this case charges the defendant, a physician, with distributing controlled substances without a legitimate medical purpose and beyond the bounds of medical practice, conspiring to distribute controlled substances without a legitimate medical purpose and beyond the bounds of medical practice, and maintaining a place for the purpose of unlawfully distributing controlled substances. Bailey has moved to dismiss the Indictment, arguing that the government presented false testimony to the grand jury.

Specifically, Bailey contends that the government's investigator, Erin Thompson, acting as a summary witness before the grand jury, testified falsely by failing to relate what Bailey asserts is exculpatory evidence. In a spreadsheet prepared by an expert witness for the government, but not presented to the grand jury, the expert noted that prescriptions to a particular patient seem proper up to a certain date. After this date, the patient was hospitalized for an overdose and later was charged with drunk driving. In the expert's opinion, if Bailey and other employees of his clinic knew about these later events, then continuing to prescribe controlled substances after that time would have been improper and without a legitimate medical purpose. Bailey argues that the government's summary witness should have advised the grand jury of the possible ambiguity thus presented.

A court may dismiss an indictment if government misconduct "amounts to a violation of one of those few, clear rules which were carefully drafted and approved by [the Supreme] Court and by Congress to ensure the integrity of the grand jury's functions." *United States v. Williams,* 504 U.S. 36, 46 (1992) (internal quotation marks and citation omitted). Even when such a violation is shown, dismissal of an indictment is appropriate only if the violation resulted in prejudice to the defendant. *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256 (1988). Prejudice exists "if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the

decision to indict was free from the substantial influence of such violations." *Id.* (internal quotation marks and citation omitted).

The government contends that it has evidence demonstrating that Bailey and his medical team knew of the overdose and DUI arrest, of which evidence Thompson was aware. Thus, Thompson's testimony regarding the expert's opinions and her statement that everything in the Indictment was true and correct to the best of her knowledge were not misleading.

Even assuming Thompson's testimony was misleading, which I find it was not, Bailey has still failed to show "grave doubt that the decision to indict was free from the substantial influence" of the alleged misleading testimony. *Bank of Nova Scotia*, 487 U.S. at 256 (internal quotation marks and citation omitted).

For the reasons stated, it is **ORDERED** that Defendant's Motion to Dismiss Indictment Due to the Presentation of False Testimony to the Grand Jury, ECF Nos. 44 and 52, is DENIED.

ENTER: July 12, 2018

/s/ James P. Jones
United States District Judge