IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Nos. 1:17CR00029 |
| | ) | 1:17CR00036 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DWIGHT L. BAILEY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Janine M. Myatt, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Dwight L. Bailey, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

I.

After being convicted by a jury, the defendant was sentenced by this court on February 6, 2019, to a total term of 151 months imprisonment, consisting of 120 months each on Counts Two and Three of the Indictment in Case Number 1:17CR00029; and in Case Number 1:17CR00036, a term of 151 months each on Counts One, Four through Twenty-Seven, and Sixty-One; 120 months each on Counts Two and Twenty-Eight; and sixty months each on Counts Three and Twenty-Nine through Sixty; all terms to run concurrently.

In Case Number 1:17CR00029, Counts Two and Three each charged that the defendant, a former physician, knowingly, intentionally, and unlawfully distributed and dispensed and caused the intentional and unlawful distribution and dispensing of Suboxone, a Schedule III controlled substance, without a legitimate medical purpose and beyond the bounds of medical practice, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E), 846.  In Case Number 1:17CR00036, Count One charged that Bailey knowingly conspired with others to unlawfully distribute and dispense and cause the intentional and unlawful distribution and dispensing of Roxicodone, Dilaudid, Opana ER, and Percocet, all Schedule II controlled substances, without a legitimate medical purpose and beyond the bounds of medical practice, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846.  Count Two charged that he knowingly conspired with other persons to unlawfully distribute and dispense and cause the intentional and unlawful distribution and dispensing of Lortab, Norco, and Suboxone, all Schedule III controlled substances, without a legitimate medical purpose and beyond the bounds of medical practice, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E), 846.  Count Three charged that Bailey knowingly conspired with others to unlawfully distribute and dispense and cause the intentional and unlawful distribution and dispensing of Ambien, Klonopin, Xanax, Valium, and Restoril, all Schedule IV controlled substances, without a legitimate medical purpose and beyond the bounds of medical practice, in violation of 21 U.S.C.

§§841(a)(1), (b)(2), 846.  Counts Four through Twenty-Seven each charged that Bailey knowingly, intentionally, and unlawfully distributed and dispensed various Schedule II controlled substances without a legitimate medical purpose and beyond the bounds of medical practice, in violation of 21 U.S.C. §§ 2, 841(a)(1), (b)(1)(C).  Count Twenty-Eight charged that he knowingly, intentionally, and unlawfully distributed and dispensed and caused the intentional and unlawful distribution and dispensing of Norco, a Schedule III controlled substance, without a legitimate medical purpose and beyond the bounds of medical practice, in violation of 21 U.S.C. §§ 2, 841(a)(1), (b)(1)(E).  Counts Twenty-Nine through Sixty each charged that Bailey knowingly, intentionally, and unlawfully distributed and dispensed and caused the intentional and unlawful distribution and dispensing of various Schedule IV controlled substances, without a legitimate medical purpose and beyond the bounds of medical practice, in violation of 21 U.S.C. § 841(a)(1), (b)(2).  Count Sixty-One charged that he knowingly and intentionally maintained a place for the purpose of unlawfully distributing controlled substances, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(1).

In his § 2255 motion, the defendant contends that his retained trial counsel was ineffective in three ways.  In Ground One, he claims that his attorney, Dennis Jones, failed to file a notice of appeal.  In Ground Two, he contends Jones was

ineffective in failing to file a motion for change of venue. In Ground Three, he claims Jones was ineffective in failing to expedite his preliminary hearing.

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but

for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

### A. Ground One.

In support of Ground One, Bailey asserts that he decided he did not want Jones to represent him on appeal because (1) he was dissatisfied with Jones' performance during trial, and (2) he could not afford to pay the $20,000 fee Jones quoted him for representation on appeal. He does not allege that he directed Jones to file an appeal. However, he contends Jones provided ineffective assistance because he had an obligation to inform Bailey that he could file a notice of appeal himself and that he might be eligible for appointed counsel.

At the conclusion of Bailey's sentencing hearing, I advised Bailey of his right to appeal and of the deadline for filing a notice of appeal. I told him, on the record, that the clerk would file a notice of appeal on his behalf if requested and that he could apply for leave to appeal without prepayment if he could not afford the cost of an appeal. Tr. 63, ECF No. 141 (No. 1:17CR00029), ECF No. 162 (No. 1:17CR00036).

"[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal . . . ." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). When a defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," I

must first determine "whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Consulting in this context requires "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel consulted with his client about filing an appeal, his performance is unreasonable only if he failed to follow the client's clear instructions. If, however, he did not consult with his client, I must determine whether that failure to consult amounts to deficient performance. The defendant also must establish prejudice under *Strickland*, meaning he must show "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* "The defendant need not show that his appeal has merit." *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015).

Here, even if Bailey's trial counsel did not adequately consult with him about an appeal, any such failure did not amount to deficient performance and did not prejudice Bailey. In *Flores-Ortega*, the Supreme Court held that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that

> a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

528 U.S. at 480.  Bailey has not met his burden of establishing either scenario.

There were no nonfrivolous grounds for appeal in this case.  Bailey has not suggested any grounds for appeal.  He merely argues that there must have been grounds for appeal because Jones was going to charge him $20,000 to represent him on appeal.  Such speculation is not sufficient to meet his burden.

Nor did Bailey's counsel have reason to think that Bailey was interested in appealing.  Bailey admits that he rejected Jones's offer to represent him on appeal.  Bailey clearly did not demonstrate to Jones that he was interested in appealing.  Bailey was well aware of his right to appeal, as I advised him of that right in open court immediately after I sentenced him.  I advised him that the clerk would file a notice of appeal for him.  It is therefore not credible for him to now claim that once he had rejected Jones' offer of appellate representation, he did not understand that there was any other avenue for him to appeal.

I also informed Bailey that he could apply to appeal without prepayment of costs if he could not afford the costs of an appeal.  And as the government notes in its motion to dismiss, the presentence investigation report reveals that Bailey had significant assets as well as a not insubstantial net monthly income.  It is therefore unlikely that he would have been found indigent and entitled to appointed counsel.

Even if the lack of consultation about an appeal had amounted to deficient performance, Bailey has not shown prejudice as required by *Strickland*.

Because he has not established that his trial counsel performed deficiently or that he was prejudiced by any deficient performance, Bailey has failed to show that he is entitled to any relief on Ground One.

### B. Ground Two.

In Ground Two, Bailey contends that Jones should have moved for a change of venue because the epidemic of prescription drug addiction and overdoses in the "city and district of Abingdon," § 2255 Mot. 7, ECF No. 142 (No. 1:17CR00029), ECF No. 158 (No. 1:17CR00036), created a likelihood that jurors would be prejudiced against him. I conclude that Bailey cannot show either deficient performance or prejudice with respect to this ground.

The opioid addiction crisis is not unique to the Abingdon division of this court. The possibility that members of the jury pool had been personally affected by addiction to opioids or other prescription drugs would have been present in virtually any venue in the United States, and certainly any district or division thereof within Virginia. A transfer of venue based on prejudice to the defendant is warranted only if the district where the case is pending harbors "so great a prejudice against the defendant . . . that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). Bailey cannot satisfy this test.

Jones appropriately addressed this source of potential prejudice during voir dire, and the parties were able to select a fair and impartial jury. Bailey points to no evidence that any juror was prejudiced against him due to personal experiences related to prescription drug abuse. Bailey has failed to meet his burden of establishing either that Jones performed deficiently in not requesting a change of venue or that he was prejudiced by Jones' decision. He is therefore not entitled to relief under § 2255 on Ground Two.

### C. *Ground Three.*

In his third ground, Bailey claims that Jones was ineffective in failing to ensure that a preliminary hearing was held before the grand jury returned an indictment against him. The government filed a complaint against Bailey on September 18, 2017, and I issued an arrest warrant the same day. Bailey was arrested the following day, September 19, 2017. Following his initial appearance, a preliminary hearing was set for October 3, 2017.

On September 26, 2017, a grand jury returned the Indictment against Bailey in Case Number 1:17CR00029. The court then cancelled the preliminary hearing and set an arraignment for October 3, 2017. Once the Indictment was returned, a preliminary hearing was unnecessary, as the grand jury had already determined that there was probable cause to charge Bailey. The Rules specifically provide that

no preliminary hearing is required when a defendant is indicted. Fed. R. Crim. P. 5.1(a)(2).

Jones had no way of knowing when the grand jury would return an indictment against Bailey. Bailey cannot show that he was in any way prejudiced by not having a preliminary hearing before the grand jury returned an indictment against him. He fails to offer any explanation as to why he believes this turn of events made any difference in the proceedings against him. Because he has not met his burden of showing either deficient performance or prejudice, he is not entitled to relief on Ground Three.

### D. Request for Leave to Amend.

In his response to the government's motion to dismiss, Bailey requests leave to amend his § 2255 motion. He does not indicate what the proposed amendment would say or how it would address the deficiencies raised by the government. He simply states that he does not possess any transcripts or exhibits that might assist him in preparation of his § 2255 motion. While leave to amend should generally be freely granted, I conclude that Bailey has not given the court any reason to suspect that any amendment would entitle him to relief. I will therefore deny his request to amend.

- 11 -

III.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed.  A separate final order will be entered.

DATED:   April 22, 2020

/s/  JAMES P. JONES
United States District Judge